IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| LENA R. GUIDOTTI | ) | |
|---|---|---|
| | ) | |
| v. | ) | Civil Action No. 15-186J |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY | ) | |

## MEMORANDUM AND ORDER OF COURT

On July 16, 2015, Lena R. Guidotti ("plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a Complaint against defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, for review of a final decision denying her application for social security disability benefits. Currently pending is the Commissioner's motion to dismiss for lack of prosecution. For the following reasons, the Commissioner's motion to dismiss will be granted and this case will be dismissed with prejudice.

In January of 2016, nearly 6 months after the complaint was filed, this case lay dormant because plaintiff had not presented a properly completed summons to the clerk for signature and seal pursuant to F.R.C.P. 4(b),[1] and consequently also had not served the summons and complaint on defendant within the then applicable 120-day period permitted by F.R.C.P. 4(m).[2] This court

---

[1] Rule 4(b) of the Federal Rules of Civil Procedure provides that "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal and issue it to the plaintiff for service on the defendant." Rule 4(c) requires that a summons be served with a copy of the complaint and further provides that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."

[2] At the time plaintiff filed her complaint, Rule 4(m) required that a defendant be served "within 120 days after the complaint is filed." Effective November 1, 2015, the rule was amended to decrease the time limit for service from 120 days to 90 days.

entered an order directing plaintiff to present a properly completed summons to the clerk for issuance by January 29, 2016, and further directing her by that date either to serve the complaint and summons on defendant or to provide in writing good cause for not having served them by that date.

On January 29, 2016, plaintiff filed a 5-page *pro se* "motion for extension of time to serve process" in which she advanced as reasons for her failure to timely effectuate service, *inter alia*, her search for an attorney to handle her case, a plethora of medical issues, and an array of medical appointments, as well as difficulties receiving mail. In light of plaintiff's *pro se* status,[3] the court found good cause for failure to effectuate service timely under F.R.C.P. 4(m),[4] and directed the clerk of court to issue a summons for service on the defendant. By amended order, the court also directed the United States Marshal to serve the summons and complaint on the defendant.

However, the court cautioned plaintiff at that time that she was being granted considerable leeway in being permitted to proceed without having presented a properly completed summons to the clerk as previously ordered and in being allowed to serve the complaint and summons so far out of time. She also was advised explicitly that her status as a *pro se* plaintiff proceeding *in forma pauperis* does not excuse her from complying with the applicable rules of procedure or court orders. Rather, pro se litigants "must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).

---

[3] *Pro se* litigants are entitled to have their submissions liberally construed. Higgs v. Attorney General of the United States, 655 F.3d 333, 339 (3d Cir. 2011).

[4] Rule 4(m) provides that if a defendant is not served within the authorized time period, the court, either on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice, or order that service be made within a specified time. However, if the plaintiff shows good cause for the failure, the court must extend the time for service "for an appropriate period."

2

On May 6, 2016, the Commissioner filed an answer and a certified copy of the transcript. The court entered an order setting a briefing schedule, and directed plaintiff to file a motion for summary judgment and supporting brief by June 15, 2016. Plaintiff's failure to file a summary judgment motion and brief prompted the pending motion to dismiss this case for lack of prosecution. The court entered an order directing plaintiff to respond to the motion to dismiss. To date, plaintiff has filed neither a response to the motion to dismiss nor a summary judgment motion and brief.

Rule 41(b) of the Federal Rules of Civil Procedure provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Before a district court may enter a dismissal under Rule 41(b), it must weigh six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6), the meritoriousness of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No one factor is dispositive, and not all of the Poulis factors need to be satisfied before dismissing a complaint. Filbert v. Westmoreland County Prison, 2017 WL 35718 at * 2 (3d Cir., Jan. 4, 2017).

Here, the foregoing factors, particularly plaintiff's history of dilatoriness and non-compliance with court orders and the lack of effective alternative sanctions, clearly favor dismissal of this case. Plaintiff has repeatedly and continually failed to respond to court orders and to comply with the applicable rules of procedure. She failed to present a properly completed summons to the

3

clerk for issuance and failed to serve the defendants, even after being ordered to do so. She failed to file a summary judgment motion and brief as ordered. And she failed to file a response to the pending motion to dismiss, again as ordered. While the court sympathizes with plaintiff's situation as a *pro se* litigant unlearned in the law and suffering from numerous impairments, and the court does not believe in any way that her non-compliance is in bad faith, nevertheless plaintiff was cautioned that her *pro se* status does not excuse her from compliance with orders and the applicable rules of procedure.

The court also does not see any alternative sanction short of dismissal. As noted, the court already has provided plaintiff with a generous amount of leeway, having directed the clerk's office to issue summons on her behalf despite her failure to properly present them and directing the United States Marshal to serve the summons. But the court's ability to accommodate plaintiff's *pro se* status has its limits and the court cannot prosecute the entire case for her. The court believes there is no other alternative here than to dismiss this action with prejudice.

Several other Poulis factors weigh in favor of dismissal. Plaintiff filed her complaint over a year and a half ago and further delay to permit plaintiff even more time to file a summary judgment motion and brief would prejudice the Commissioner, particularly when it is doubtful that plaintiff ever will comply. Plaintiff already has been given more than ample time to comply with all of the court's orders and repeatedly has failed to do so.

Finally, the court believes dismissal is appropriate due to the lack of meritoriousness of plaintiff's complaint. The court briefly has reviewed the ALJ's decision in this case and the transcript of the administrative proceedings and is satisfied that the Commissioner's decision is supported by substantial evidence in the record.

4

Accordingly, for all of the foregoing reasons, pursuant to Rule 41(b), the court finds that dismissal of this case is warranted for failure to prosecute and for plaintiff's repeated non-compliance with this court's orders.

An appropriate order follows.

## ORDER OF COURT

AND NOW, this 23rd day of January, 2017, the Commissioner having filed a motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure,

IT IS ORDERED that the Commissioner's motion to dismiss (Document No. 14) be, and the same hereby is, granted; and,

IT FURTHER IS ORDERED that this case be, and the same hereby is, dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) based on plaintiff's failure to prosecute and failure to comply with this court's orders.

Gustave Diamond
United States District Judge

cc: Lena R. Guidotti (*pro se*)
467 Fourth Street
P.O. Box 525
Colver, PA 15927

John Valkovci, Jr.
Assistant United States Attorney
319 Washington Street
Room 200
Johnstown, PA 15901

AO 72
(Rev. 8/82)